## Clark v. Stoker

William J. Dale, for plaintiff; Wilbur R. Seabrook, for defendant.

PER CURIAM, December 2, 1932.—This action, brought in 1917, was not tried until October 10, 1922, resulting in a verdict in favor of the plaintiff in the sum

of $888. Defendant within 4 days moved for a new trial, and on October 14, 1922, on motion, an order was made directing that the testimony and the charge of the court be transcribed. The rule for a new trial was not argued until recently. In the meantime the attorney who represented defendant has died. We are unable to find that the testimony ever was transcribed and an investigation indicates that the case probably was reported by a stenographer who has since died. The impossibility of supplying a record of the testimony and the charge of the court is now urged by defendant as grounds for a new trial.

In circumstances such as these the reported cases in other States are not in accord. New trials have been granted where a review of the case has been prevented by loss of the instructions of the court or of the official stenographic notes of the proceedings. In other jurisdictions new trials have been refused: 46 C. J. 236. Only one case in Pennsylvania has been called to our attention: James & Rahm v. French, 5 Pa. C. C. 270, where a new trial was granted.

Notwithstanding a judge is presumed to know what instructions he gave to the jury, it is now impossible for us to restore the record for we have no recollection of the instructions given more than 9 years ago. Both plaintiff and defendant have been equally guilty of laches in failing to set down the case for argument within a reasonable time after the trial. Under all the circumstances we believe a new trial must be granted.

And now, to wit, December 2, 1932, the rule granted October 14, 1922, on defendant's motion for a new trial is made absolute.